UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LORI WINKELMAN, | ) | CASE NO. 3:11-CV-1926 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | MAGISTRATE JUDGE MCHARGH |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | REPORT & RECOMMENDATION |
| | ) | |
| Defendant. | ) | |

I. INTRODUCTION & PROCEDURAL BACKGROUND

This case is before the undersigned pursuant to Local Rule 72.2(b). On September 13, 2011, Lori Winkelman ("Plaintiff") filed the Complaint in the above-referenced matter seeking to appeal the Social Security Administration's denial of her applications for benefits. (Doc. 1). Now pending before the Court is the Commissioner of Social Security's (the "Commissioner" or "Defendant") *Motion to Dismiss, or in the alternative Motion for Summary Judgment*, (Doc. 9), filed on December 12, 2011. Defendant avers that the Complaint is time-barred pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). On February 21, 2012, the undersigned ordered Plaintiff to file her response to Defendant's motion by no than March 28, 2012. (Doc. 16).[1] The Court also forewarned Plaintiff that failure to timely submit her response would result in the Court reviewing the Commissioner's motion without the benefit of opposition.

To date, Plaintiff has not filed a response to the Commissioner's motion. The Court notes that it is confident that Plaintiff received its order directing her to submit a responsive brief by

---

[1] This order also referenced Plaintiff's failure to appear at the Telephone Status Conference scheduled on February 10, 2012, and Plaintiff's request for a sixty-day continuance.

March 28, 2012. The order was mailed to the address listed on the docket for Plaintiff, and Plaintiff has received other correspondence which the Court sent to her at that address. For example, Plaintiff responded to the Court's show cause order, (Doc. 10), which was mailed to this address. Therefore, the undersigned is confident that Plaintiff had notice of the consequences of failing to oppose the Commissioner's motion.

## II. ANALYSIS

### A. Standard of Review

The Commissioner seeks to dispose of Plaintiff's claim both under Rule 12(b)(6) and Rule 56 of the Federal Rules of Civil Procedure. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). But, "[t]he federal rules require that if, in a 12(b)(6) motion to dismiss, 'matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. . . ." *Wysocki v. Int'l Bus. Mach. Corp*, 607 F.3d 1102, 1104 (6th Cir. 2010); Fed. R. Civ. P. 12(d). Because the Commissioner's motion to dismiss relies upon matters outside the pleadings, the Court will only consider the Commissioner's motion for summary judgment.

Summary judgment is appropriate where the entire record "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the initial burden of showing "the absence of a genuine issue of material fact" as to an essential element of the non-movant's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party may not rest upon his pleadings, but must come forward with specific facts showing that there is a genuine issue in dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2552 (1986).

B. Timeliness of the Complaint

42 U.S.C. §§ 405(g) and (h) govern a claimant's right to seek judicial review of a final decision issued by the Commissioner. 42 U.S.C. §§ 405(g)-(h). Pursuant to these provisions, a claimant is required to file its request for judicial review of the Commissioner's ruling within sixty days of the mailing of the notice indicating the Commissioner's final decision on the disposition of the claim. *Id*. at (g). "Although § 405(g) uses the word 'mailing,' the regulations clarify that the 60-day period begins five days after the date of the denial notice." *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 436 (6th Cir. 2007); 20 C.F.R. § 422.210(c) ("For purposes of this section, the date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary."). Accordingly, the sixty-day limitations period begins to run as of the date of the claimant's receipt of the Commissioner's final determination notice, which is presumed to be five days after the date indicated on the notice, unless the claimant can make a "reasonable showing" that the notice was not received within this presumptive period. *Cook*, 480 F.3d at 436 (*citing McKentry v. Sec'y of Health & Human Servs.*, 655 F.2d 721, 724 (6th Cir. 1981) and *Harris v. Comm'r of Soc. Sec.*, 25 F. App'x 273 (6th Cir. 2001)).

In the case *sub judice*, Administrative Law Judge Rebekah Ross ("ALJ Ross") denied Plaintiff's applications for disability benefits on January 28, 2011. (Doc. 9-2, herein referred to as "Ford Decl.", Ex. 1). On that same date, Plaintiff requested the Appeals Council to review this determination. *See* (Ford Decl., Ex. 2). On July 8, 2011, the Appeals Council denied Plaintiff's request for review, thereby making ALJ Ross's decision the final decision of the Commissioner. (*Id.*) Because the regulations presume that a claimant will receive notice of the Commissioner's

3

final decision within five days after the date of the notice, Plaintiff's date of receipt of this notice is presumed to be July 13, 2011, five days after July 8, 2011. *See Harris*, 25 F. App'x at 273. The sixty-day limitations period would then have began to run on July 13, 2011, making September 12, 2011,[2] the final day for Plaintiff to timely seek judicial review of the Commissioner's final decision. Yet, Plaintiff did not file her Complaint until September 13, 2011. (Doc. 1). Thus, there is no dispute as to the date Plaintiff's sixty-day limit expired or as to when Plaintiff actually filed her Complaint.

Though this one-day delay is unlikely to have prejudiced the Commissioner, the Sixth Circuit has admonished that strict adherence to this filing requirement is necessary to ensure the efficient disposition of these types of cases. *See Cook*, 480 F.3d at 437 ("Although allowing Cook to file his complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system."). Likewise, while the time period in which to file a complaint can be extended upon a showing of good cause, 20 C.F.R §§ 404.982, 416.1482 there are no facts before the Court demonstrating that Plaintiff had good cause for failing to file her Complaint within the allotted time. *See* 20 C.F.R. §§ 404.911(b), 416.1411(b), (Examples of circumstances where good cause may exist include: serious illness of the claimant or an immediate family member, accidental destruction of records, the claimant's inability to find necessary information by the deadline, etc.). Additionally, Defendant submitted a statement from Mr. Dennis Ford, Acting Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations, indicating that as of December 9, 2011, Plaintiff had not requested for the Appeals Council to extend her time in which to file a

---

[2] There are 31 days in July.

civil action. (Ford Decl. at ¶ 3(b)). Thus, the undersigned can see no reason why Plaintiff could not have timely instituted this action.

### III. DECISION

For the reasons herein stated, it is recommended that Defendant's *Motion for Summary Judgment*, (Doc. 9), be **GRANTED**.

s/ Kenneth S. McHargh  
Kenneth S. McHargh  
United States Magistrate Judge

Date: April 24, 2012.


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn, 474 U.S. 140 (1985)*; *see also United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).